10/13/2018 12:12 PM
Chris Daniel - District Clerk Harris County
Envelope No. 28262789
By: Nelson Cuero
Filed: 10/15/2018 12:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **CASEY BROWN** | § § § § § § § § § § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | | |
| **V.** | | **HARRIS COUNTY, TEXAS** |
| **CITY OF HOUSTON, CHARLES A. MCCLELLAND, JR., and JASON LOOSMORE,** | | |
| **Defendants.** | | \_\_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**COMES NOW** CASEY BROWN, (hereinafter referred to as "Plaintiff") complaining of CITY OF HOUSTON (hereinafter referred to as "COH"), CHARLES A. MCCLELLAND, JR. (hereinafter referred to as "Police Chief"), and JASON LOOSMORE (hereinafter referred to as "Officer Loosmore or Loosmore"), and for a cause of action would show:

### I.
### DISCOVERY LEVEL

1. Pursuant to Rule 190, discovery in this case will be conducted in Level 2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiff CASEY BROWN is a resident of Houston, Harris County, Texas.

3. Defendant CITY OF HOUSTON is an incorporated city that may be served with process by serving the mayor, clerk, secretary or treasure pursuant to Section 17.024(b) of the Texas Civil Practice and Remedies Code, at the following address: City of Houston, PO Box 1562, Houston, TX 77251.

4. Defendant CHARLES A. MCCLELLAND, JR. is an individual residing in Harris County, Texas that may be served with process at his residence located at 4022 Charleston Street, Houston,

1

For Official Governmental Use Only - Do Not Disseminate to the Public: 82145188 - Page 1 of 13

TX 77021, or wherever he may be found.

5. Defendant JASON LOOSMORE is an individual residing in Harris County, Texas that may be served with process at his residence located at 21419 Park Valley Dr., Katy, TX 77450, or wherever he may be found.

### III.
### JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. This court has jurisdiction over Defendant because Defendant has done acts and/or omissions in Texas that have given rise to claim made the basis of this suit, and as such are amenable to service by a Texas court.

8. Venue is proper in Harris County, Texas. Specifically, venue is allowed in Harris County because all or a substantial part of the events and/or omissions occurred in Harris County, Texas.

### IV.
### FACTS

9. On or around October 13, 2016, COH employed Officer Loosmore as a police officer with the Houston Police Department. Officer Loosmore's supervisor was Police Chief Charles A. McClelland, Jr.

10. On October 13, 2016, Plaintiff was at his mother's residence when he heard an aggressive knock on the door. Plaintiff was confronted by Officer Loosmore who was in street clothes, claimed that Plaintiff's dog had bitten Officer Loosmore's dog, and quickly flashed a badge at Plaintiff telling him he was going to arrest him. Plaintiff disputed the dog bite as his dogs were fenced in Plaintiff's s backyard. Officer Loosmore then turned around and got on his cellphone, approaching the Plaintiff's driveway and vehicle. Plaintiff stepped out onto the yard of his residence asking Officer Loosmore to explain his actions and aggressive attitude towards him.

2

For Official Governmental Use Only - Do Not Disseminate to the Public: 82145188 - Page 2 of 13

Officer Loosmore then turned around and charged the Plaintiff, tackling him to the ground. Plaintiff defended himself and a struggle ensued between. Plaintiff was able to break free from Officer Loosmore and then Officer Loosmore pulled out his on-duty weapon and pointed it at him. Unarmed, Plaintiff pleaded with Officer Loosmore not to shoot, then Officer Loosmore fired multiple shots at close range striking Plaintiff in the chest and stomach, causing severe injuries. While Plaintiff was bleeding on the lawn of his mother's home from the gunshot wounds, Officer Loosmore rolled him over and handcuffed him. Still conscious, Plaintiff heard Officer Loosmore call for backup and then apathetically call for medical assistance.

## V.
## DEFENDANTS COH AND POLICE CHIEF NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION OF DEFENDANT, OFFICER LOOSMORE

11. Defendants CITY OF HOUSTON and CHARLES A. MCCLELLAND, JR. had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to other under circumstances similar to those described herein.

12. Plaintiff's injuries were proximately caused by Defendants CITY OF HOUSTON and CHARLES A. MCCLELLAND JR.'s negligence, carelessness and reckless disregard of said duty as Defendant, COH was negligent in failing to use ordinary care in hiring, supervising, training and retaining employees.

13. The negligent, careless and reckless disregard of duty of Defendant COH and Police Cheif consisted of, but is not limited to, the following acts and omissions:

1. Defendants failed to use reasonable care in hiring employees, and
2. Defendants failed to use ordinary care in supervising it's employees, and
3. Defendants failed to use reasonable care in retaining its employees, and
4. Defendants failed to use reasonable care in training its employees.

For Official Governmental Use Only - Do Not Disseminate to the Public: 82145188 - Page 3 of 13

3

14. All of the foregoing acts and omissions, jointly and severally, separately and collectively are the proximate cause of Plaintiff's injuries and damages.

## VI.
## CLAIMS FOR RELIEF PURUSANT TO 42 U.S.C. §1983

A. **Count 1: Violations of the Fourth Amendment to the U.S Constitution (Unlawful Arrest and Excessive Use of Force)**

15. Defendants acted under the color of state law to cause the deprivation of Plaintiff's rights under the Fourth Amendment to the U.S. Constitution.

16. Plaintiff claims that Defendant, Loosmore violated the following constitutional right:

   1. the constitutional protection from unreasonable arrest or "seizure";

   2. the constitutional protection from unreasonable search of one's home or dwelling; and/or

   3. the constitutional protection from the use of excessive force during an arrest.

17. Defendant Loosmore committed an act that violated the constitutional rights Plaintiff claims were violated and Defendant Loosmore's acts were the cause of Plaintiff's damages.

18. The first right Plaintiff claims Defendant, Losmore violated is the Fourth Amendment right to be protected from an unreasonable seizure. Plaintiff claims that the way Defendant Loosmore arrested him violated his constitutional rights. To establish this claim, Plaintiff claims the arrest was unreasonable.

19. A warrantless arrest such as the one involved in this case is considered unreasonable under the Fourth Amendment when, at the moment of the arrest, there is no probable cause for the defendant to reasonably believe that a crime has been or is being committed.

20. Plaintiff also claims Defendant Loosemore violated the Fourth Amendment by using

For Official Governmental Use Only - Do Not Disseminate to the Public: 82145188 - Page 4 of 13

excessive force in making the arrest. The Constitution prohibits the use of unreasonable or excessive force while making an arrest, even when the arrest is otherwise proper.

21. The reasonableness of a particular use of force is based on what a reasonable occur would do under the circumstances and not on Defendant Loosmore's state of mind. You must decide whether a reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight.

22. Defendants, by means of physical force or show of authority, subjected Plaintiff to the use of excessive force in violation of Plaintiff's rights under the Fourth Amendment to the U.S. Constitution. The excessive force used by Defendants was objectively unreasonable given the circumstances. Defendants, assaulted and used deadly force on Plaintiff when he was unamared and there was no reasonable suspicion to investigate or probable cause to conduct an arrest of Plaintiff. Plaintiff was attacked and defended himself when Officer Loosmore failed to identify himself. After the Plaintiff broke free, Officer Loosmore drew his weapon and used deadly force egregiously excessive in the situation.

23. Defendants COH and POLICE CHIEF's acquiescence towards the conduct of Defendant Officer Loosmore highlights deference towards the ignorance towards the safety of Plaintiff, in order to keep with the custom of excessive force and unreasonable use of force promoted by Defendant COH and POLICE CHIEF.

24. Defendants violated Plaintiff's 4th amendment rights when they detained him in the with the use of excessive, unnecessary, and deadly use of force.

25. Defendants COH and POLICE CHIEF, accepted, approved, and authorized the unconstitutional actions of Defendants, as described above by its policy and/or custom of acceptance of police brutality, excessive use of force, intimidation, false arrests and reports, and

For Official Governmental Use Only - Do Not Disseminate to the Public: 82145188 - Page 5 of 13

failure to properly train and supervise law enforcement officials.

26. The use of excessive force by Defendants, against Plaintiff in the unlawful arrest and deadly force was a violation of Fourth Amendment rights under the U.S. Constitution. This conduct was a direct cause of severe bodily injury to Plaintiff. The injuries suffered by Plaintiff were more than de minimis. Plaintiff was hospitalized for months after his being shot several times, underwent multiple surgeries, and continues to suffer impairment and mental anguish making him unable to work.

27. The conduct of Defendants was willful and malicious. Defendant Officer Loosmore used his authority to exercise an unlawful arrest, unlawful use of force with a deadly weapon and detain the Plaintiff. This conduct was willful, malicious, and the direct result was Plaintiff suffering severe bodily injury.

28. The acts of Defendants, separately or in combination, constituted a deliberate, malicious, callous, and reckless indifference to the rights and physical safety of Plaintiff. This deliberate indifference, coupled with the unnecessary and shockingly invasive physical assault on Plaintiff constituted unnecessary and wanton infliction of physical injury, pain, and suffering on Plaintiff in violation of his rights under the Fourth Amendment to the U.S. Constitution. The acts and omissions of Defendants, demonstrate such conscious and deliberate indifference that they offend the standards of decency and violate the Fourth Amendment to the U.S. Constitution.

29. This deprivation is directly attributable to the enforcement of a custom or policy of Defendants COH and POLICE CHIEF, based on prior incident and unlawful force resulting in severe injuries to multiple members of the public.

**B. Count 2: Claim for Unconstitutional Policy, Custom or Practice**

30. There is a pattern of brutality and use of excessive force in the City of Houston Police

For Official Governmental Use Only - Do Not Disseminate to the Public: 82145188 - Page 6 of 13

6

Department.

31. In addition, Defendants, participated in or were aware of systematic violations of individual rights by its sheriffs, officers, jailers, and/or employees including, but not limited to, the habitual use of excessive force, unlawful searches and seizures, groundless and unlawful reports, intimidation, cruel and unusual punishment, false arrests, and denials of due process and equal protection, all in violation of the rights guaranteed to individuals like Plaintiff, under the Fourth Amendment to the U.S. Constitution.

32. Further, Defendants COH and POLICE CHIEF have had a policy and/or custom of failing to properly investigate, reprimand, discipline, and punish officers for use of excessive force, abusive conduct, and other improper conduct.  The result of this policy and/or custom is that Defendant's sheriffs, officers, jailers, and/or employees feel free to engage in abusive and improper conduct without fear of repercussion, in violation of the rights guaranteed to individuals under the Fourth Amendment to the U.S. Constitution. Defendant's sheriffs, officers, jailers, and/or employees were not reprimanded for this conduct, including Officer Loosmore, and continued to work for Defendant COH, after similar unlawful conduct.

33. This policy and/or custom encouraged, condoned, and permitted the unlawful use of excessive force, false reporting, and improper conduct by Defendants COH and POLICE CHIEF's sheriffs, officers, jailers, and/or employees against the public and Plaintiff in violation of the rights guaranteed to them under the Fourth Amendment to the U.S. Constitution.

34. The conduct and actions of Defendants were a part of the policy and/or custom and practice of Defendants COH and POLICE CHIEF, its police department, and its agents.  The constitutional deprivations visited upon the Plaintiff was a result of this governmental policy and/or custom.  This policy and/or custom to engage in acts violating rights guaranteed to individuals like Plaintiff

For Official Governmental Use Only - Do Not Disseminate to the Public: 82145188 - Page 7 of 13

under the Fourth Amendment to the U.S. Constitution was the persistent, widespread practice of officials, employees, and law enforcement officers, which, even though such policy and/or custom may not have (but certainly may have) received formal approval through Defendants COH and POLICE CHIEF's official decision-making channels, was so common and well settled as to constitute a custom that fairly represented the policy of Defendants COH and POLICE CHIEF. Due to the pattern of abusive conduct by Defendants COH and POLICE CHIEF's law enforcement officials and/or employees, Defendants COH and POLICE CHIEF had actual and/or constructive knowledge and failed to take corrective action.

35. Defendants COH and POLICE CHIEF policies and/or customs were the direct "moving force," or cause, that resulted in the deprivation of Jonathan's federally-protected rights. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). This incident, although shocking to the conscience, was not an isolated event, but a direct result of the policy and/or custom of Defendants COH and POLICE CHIEF, and its officials to violate rights guaranteed to individuals like Plaintiff under the Fourth Amendment to the U.S. Constitution.

36. Defendants COH and POLICE CHIEF are liable to Plaintiff since the acts of Defendants created a de facto policy enforced so as to constitute the adoption of an official policy, custom, usage, or procedure, on both a formal and informal basis, to violate rights guaranteed to individuals like Plaintiff under the Fourth Amendment to the U.S. Constitution. Defendants COH and POLICE CHIEF effectively permitted, condoned, approved, and ratified the acts of Defendant Loosmore, and such acts complained of herein may fairly be said to be the official policy of Defendant COH. The conduct of Defendants was willful and malicious.

C. **Count 3: Claim for Inadequate Training and Supervision**

37. Defendants COH and POLICE CHIEF are charged with management, oversight,

8

administration, and supervision of Defendant's sheriffs, officers, jailers, and employees. Those duties include the supervision, management, oversight, training, and hiring of Defendant's sheriffs, officers, jailers, and employees in their official duties. Defendants COH and POLICE CHIEF created or maintained an unconstitutional policy, custom or practice with respect to the failure to manage, oversee, administer, and supervise, police officers. These policies, customs, or practices of failing to adequately train and supervise officers were created or maintained intentionally, maliciously, and with reckless disregard for and deliberate indifference to Plaintiff's rights guaranteed under the Fourth Amendment to the U.S. Constitution. It was foreseeable that constitutional deprivations would likely result from Defendants COH and POLICE CHIEF's failure to properly train and supervise sheriffs, officers, jailers, and employees in regard to use of force, arrest, detention policies and medical care. Specifically, Defendant COH and POLICE CHIEF's sheriffs, officers, jailers, and employees were not trained how to properly use force, when to use deadly force, how to conduct an arrest, make a lawful arrest, provider proper identification, assess reasonable suspicion or find probable cause to make an arrest.

38. Defendants COH and POLICE CHIEF failed to properly train and supervise law enforcement officers and employees. Defendants and Defendants' officials failed to properly train law enforcement officers and employees on, among other topics, how to properly use force, when to use deadly force, how to conduct an arrest, make a lawful arrest, provider proper identification, assess reasonable suspicion or find probable cause to make an arrest. This negligent and grossly negligent failure to train police officers and employees has resulted in a pattern of unconstitutional application of the use of force and this inadequate training of police officers directly resulted in the deprivation of Plaintiff's rights and constituted a deliberate, malicious, callous, and reckless indifference to the rights and physical safety of Plaintiff. The need for more or different training

was so obvious, and the inadequacy of training so likely to result in constitutional violations, that Defendants' failure to address the need was in fact a policy of deliberate indifference to Plaintiff's constitutionally protected rights guaranteed under the Fourth Amendment to the U.S. Constitution. This deliberate indifference, coupled with the unnecessary and shockingly invasive physical assault on Plaintiff, constituted unnecessary and wanton infliction of physical injury, pain, and suffering on Plaintiff and was a violation of his rights guaranteed under the Fourth Amendment to the U.S. Constitution.

39. Defendants COH and POLICE CHIEF, and its officials, have turned a blind-eye to and tolerated the pattern of use of excessive force and police misconduct, and have expressly or inherently authorized the conduct that resulted in injuries to Plaintiff.

40. Defendant COH and POLICE CHIEF failed to train and supervise law enforcement employees and officers, including, but not limited to, Defendant JASON LOOSMORE.

41. As a result, the police force included members who, by temperament or prior experience, were inclined to use abusive and excessive force and were highly likely to inflict the injuries suffered by Plaintiff.  This negligent and grossly negligent failure to adequately train and supervise police officers, sheriffs, jailers, and employees resulted in a pattern of unconstitutional application of the use of force, and this inadequate training and supervision of these officials directly resulted in the deprivation of Plaintiff's rights and constituted a deliberate, malicious, callous, and reckless indifference to the rights and physical safety of Plaintiff.  This deliberate indifference, coupled with the excessive and deadly force used on Plaintiff, resulted in the unnecessary and wanton infliction of physical injury, pain, suffering, mental anguish and physical impairment of Plaintiff. The conduct of Defendants was willful and malicious.

42. As a direct result, Defendants violated Plaintiff's rights under the Fourth Amendment to

10

the U.S. Constitution.

### D. Supervisory Liability

43. In addition to Plaintiff's claims against Defendant Loosmore, Plaintiff is suing Defendant POLICE CHIEF. Defendant, POLICE CHIEF'S own conduct denied Plaintiff his constitutional rights.

44. In this case, Plaintiff contends that Defendant, POLICE CHIEF violated his constitutional rights by implementing unconstitutional policies that caused the constitutional violation/failing to train and/or supervise.

45. Defendant Loosmore is under Defendant, POLICE CHIEF's supervision and Defendant Loosmore violated Plaintiff's constitutional rights.

46. Defendant POLICE CHEOF implemented unconstitutional policies/failed to train/failed to supervise Defendant Loosmore; the implementation of unconstitutional policies/failure to train/failure to supervise caused the violation of the Plaintiff's rights; and Defendant POLICE CHIEF acted or failed to act with deliberate indifference.

47. Defendant POLICE CHIEF was (1) aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and (2) actually drew that inference.

48. A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequence of not adopting a policy will be a deprivation of constitutional rights

49. Defendant POLICE CHIEF knew or should have known that a particular omission in the training program would cause employees to violate the constitutional rights of members of the public they encounter, but Defendant POLICE CHIEF nevertheless chose to retain that program.

50. There is a pattern of similar constitutional violations by improperly trained employees.

11

### E. Municipal Liability

51. In addition to his claims above, Plaintiff is suing Defendant, City of Houston because the constitutional violation was caused by a city policy or custom.

52. An official policy or custom existed, a policymaker for the city knew or should have known about the policy or custom and the policymaker was deliberately indifferent and the policy or custom was the moving force leading to the constitutional violation. A "policy" can be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the city's officers

53. A "custom" is a persistent, widespread practice of city officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents city policy. The city's governing body or some official with policymaking authority knew or should have known about the custom

## VII.
## COMPENSATORY DAMAGES

54. As a proximate result of the above-described wrongful acts of Defendants, Plaintiff suffered severe multiple injuries, which severe bodily injury. From the time of his injury until the present day Plaintiff has suffered great physical pain and mental anguish, and physical impairment.

55. As a further result of the occurrence made the basis of this suit Plaintiff seeks the following damages, medical expenses incurred in the past and future, pain and mental anguish in the past and future, physical impairment, lost wages, loss of earning capacity, and loss of consortium.

56. As a further result of the occurrence made the basis of this suit Plaintiff seeks actual monetary relief over $1,000,000.00.

## VII.
## ATTORNEY'S FEES

57. At this time, Plaintiffs hereby request reasonable attorney's fees pursuant to *42 U.S.C.A*

*§1988 (b).*

# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and upon final hearing hereof, Plaintiff has and recover of and from Defendants for Plaintiff's damages as set forth above, interest on said judgment at the legal rate from the date of injury, Plaintiff's costs of Court, and such other and further relief, special or general, at law or in equity, to which they may be entitled to within the jurisdictional limits of this Court.

**Respectfully submitted,**

BY:  /s/ Nathan E. Inurria
GEORGE K. FARAH
State Bar No.:  24040882
NATHAN E. INURRIA
State Bar No.: 24101953
GUERRA & FARAH, PLLC
4101 Washington Ave., 3rd Floor
Houston, Texas 77007
T:  (713) 529-6606
F:  (713) 529-6605
Email: gkf@gflawoffices.com
Email: nei@gflawoffices.com

**ATTORNEYS FOR PLAINTIFFS**

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

For Official Governmental Use Only - Do Not Disseminate to the Public: 82145188 - Page 13 of 13



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 30, 2018

Certified Document Number:        82145188 Total Pages:  13

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**